[Cite as *Regeneration Schools of Ohio v. Mangen1, L.L.C.*, 2024-Ohio-1899.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

REGENERATION SCHOOLS OF OHIO :
:
    Appellee : C.A. No. 29870
:
v. : Trial Court Case No. 2022 CV 05172
:
MANGEN1, LLC, et al. : (Civil Appeal from Common Pleas
: Court)
    Appellant :
:

. . . . . . . . . . .

O P I N I O N

Rendered on May 17, 2024

. . . . . . . . . . .

JEREMY S. YOUNG, LISA M. BURLESON, & JOHN N. HUFFMAN, Attorneys for
Appellant

DREW T. DORNER, NICOLE MIRJANICH MOORE, & LISA T. SCRUGGS, Attorney for
Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Mangen1, LLC ("Mangen") appeals from an order of the
Montgomery County Common Pleas Court that struck Mangen's amended third-party
complaint and dismissed Mangen's original third-party complaint. For the following
reasons, the trial court's judgment will be reversed, and the case will be remanded for

further proceedings consistent with this opinion.

## I. Procedural History and Facts

{¶ 2} On November 15, 2022, ReGeneration Schools of Ohio d.b.a. ReGeneration Bond Hill ("Bond Hill") filed a complaint seeking declaratory judgment against Mangen. Bond Hill is an Ohio non-profit corporation that operates a community school in Cincinnati, Ohio, known as ReGeneration Bond Hill. ReGeneration Schools ("ReGeneration") is an Illinois corporation that manages Bond Hill.[1]

{¶ 3} Bond Hill was required to designate and maintain a licensed fiscal officer pursuant to R.C. 3314.011. Pursuant to a 2019 agreement ("the Agreement") entered into between Bond Hill and Mangen, Mangen agreed to provide a fiscal officer and other agreed upon financial services in exchange for "5% of total gross receipts." The Agreement further provided that Mangen would provide monthly invoices to Bond Hill, which were to be paid within 20 days of receipt.

{¶ 4} Between 2019 and May 2022, Mangen did not provide monthly invoices to Bond Hill. Instead, around May 17, 2022, Bond Hill received three invoices, two of which were back-dated by Mangen to June 30, 2020, and June 30, 2021, respectively. The total amount invoiced was more than $544,000.

{¶ 5} On May 26, 2022, Bond Hill sent a letter to Mangen objecting to the invoices. Specifically, Bond Hill disagreed with Mangen's calculation of the "5% of total gross receipts" fee. According to Bond Hill, the fee should not have included inter-company

---

[1] It is unclear from the record what exactly the relationship is between ReGeneration and Bond Hill, but it appears there was some kind of contractual relationship involved wherein ReGeneration had some management authority over Bond Hill.

loans, Payroll Protection Plan loan forgiveness, and Emergency and Secondary School Emergency Relief Funds funding in its calculation of applicable revenues.

{¶ 6} Bond Hill's claim for declaratory judgment alleged that Mangen had breached the Agreement by failing to perform as contracted and that Mangen's calculation of fees was unconscionable and/or void as against public policy. Finally, Bond Hill alleged that the fees sought were inconsistent with Mangen's fiduciary obligations and the statutes and rules governing community schools in Ohio and, therefore, Mangen was not entitled to recover the invoiced amounts.

{¶ 7} The same day the complaint was filed, Bond Hill filed a motion for a stay pending mediation in accordance with the Agreement, which the trial court granted. Although mediation took place on March 23, 2023, it was unsuccessful.

{¶ 8} On April 6, 2023, Mangen filed an answer and counterclaim. Mangen's counterclaim alleged a claim for breach of contract and unjust enrichment. According to Mangen, Bond Hill owed a total of $730,534.61 as of March 31, 2023.

{¶ 9} On April 17, 2023, Mangen filed a third-party complaint ("TPC") against ReGeneration alleging tortious interference with a contract, i.e., the Agreement. According to the TPC, ReGeneration managed the operation of Bond Hill pursuant to a separate contract between ReGeneration and Bond Hill, which allowed ReGeneration to exercise control over whether Bond Hill paid its vendors or not. According to Mangen, ReGeneration wrongfully caused Bond Hill to refuse to pay Mangen. Specifically, Mangen alleged that ReGeneration's refusal to recognize that Mangen had provided Bond Hill with any value since entering the Agreement was motivated, at least in part, by

personal animosity of one or more representatives of ReGeneration toward Mangen.

{¶ 10} On May 4, 2023, Bond Hill filed a reply to Mangen's counterclaim. That same day, Bond Hill filed an amended complaint and added Nicole Hagler as an additional defendant. Hagler was a licensed fiscal officer who was an owner and/or manager for Mangen and who was identified as the designated fiscal officer for Bond Hill. Based on the allegations in the amended complaint, Bond Hill sought claims of declaratory judgment as to Mangen's obligations under the Agreement, breach of contract as to Mangen, and breach of fiduciary duty as to both Mangen and Hagler.

{¶ 11} On May 18, 2023, Mangen filed an answer to Bond Hill's amended complaint and an amended counterclaim. In the amended counterclaim, Mangen alleged claims of breach of contract for non-payment of services, breach of contract for failure to deliver insurance policies, and unjust enrichment.

{¶ 12} On May 31, 2023, ReGeneration filed a motion to extend the time to respond to Mangen's third-party complaint. The trial court granted ReGeneration additional time until June 2, 2023, to respond.

{¶ 13} On June 1, 2023, Bond Hill filed a reply to Mangen's amended counterclaim. The next day, ReGeneration filed a Civ.R. 12(B)(6) motion to dismiss the TPC; it asserted that the economic loss doctrine barred Mangen's claim, and ReGeneration's actions were in furtherance of a legitimate business interest and entitled to qualified privilege.

{¶ 14} The trial court set submission dates of June 20, 2023, for Mangen to respond to ReGeneration's motion to dismiss and June 27, 2023, for ReGeneration's reply. It also advised the parties that there would be no hearing unless requested and

that the court would consider the matter submitted without oral argument as of the last date set forth in the entry.

{¶ 15} No hearing was requested, and no responses were filed before June 27, 2023. Consequently, the trial court issued a decision granting ReGeneration's motion to dismiss on June 27, 2023.

{¶ 16} On June 28, 2023, Mangen filed a motion for reconsideration of the trial court's decision. According to the motion, ReGeneration had agreed to allow Mangen until June 30, 2023, to respond to the motion to dismiss. Mangen had also contacted the court's chambers advising the court of the agreement for additional time to respond and requested whether the court would require documentation to be filed with regard to the extension. Mangen had been informed that no filing was required. The trial court granted Mangen's motion for reconsideration, vacated its decision, and allowed Mangen up to and including June 30, 2023, to file a response to ReGeneration's motion to dismiss.

{¶ 17} On June 30, 2023, Mangen filed a response to ReGeneration's motion to dismiss, arguing that the economic loss rule did not apply and that sufficient facts had been alleged to support its tortious interference claim. Notably, Mangen argued that any allegation that Mangen had failed to set forth sufficient facts to support its claim to withstand a motion to dismiss for failure to state a claim in the TPC was moot because Mangen contemporaneously filed an Amended Third-Party Complaint ("ATPC") with its response. The ATPC added additional allegations of misconduct of an employee of ReGeneration to support the claim of tortious interference with a contract.

{¶ 18} On July 7, 2023, ReGeneration filed an unopposed motion to extend the

time to file a reply in support of its motion to dismiss until July 14, 2023, which the trial court granted. On July 14, 2023, ReGeneration filed a "Third-Party Defendant's Omnibus Reply in Support of Motion to Dismiss Third-Party Complaint and First Amended Third-Party Complaint" ("Omnibus Reply"). Although the reply was originally intended to be a response to Mangen's opposition to ReGeneration's motion to dismiss, the reply also included arguments for the dismissal of the ATPC.

{¶ 19} On July 25, 2023, the trial court struck Mangen's ATPC for failing to seek leave to file the amended pleading. Additionally, the trial court granted ReGeneration's motion to dismiss Mangen's original TPC.

{¶ 20} Mangen timely appealed and asserts the following two assignments of error:

1. THE TRIAL COURT ABUSED ITS DISCRETION IN SUA SPONTE STRIKING MANGEN'S FIRST AMENDED THIRD-PARTY COMPLAINT, WHICH WAS FILED AS A MATTER OF COURSE PURSUANT TO CIVIL RULE 15(A).

2. THE TRIAL COURT ERRED IN DISMISSING MANGEN'S THIRD-PARTY CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT ON THE BASIS OF THE ECONOMIC LOSS RULE.

## II. First Assignment of Error

{¶ 21} In its first assignment of error, Mangen asserts that the trial court's striking of the ATPC constituted reversible error because the ATPC was filed within the time requirements of Civ.R. 15(A), allowing the ATPC to be filed "as a matter of course." In contrast, ReGeneration maintains that the trial court properly struck Mangen's ATPC,

because 1) Mangen's filings demonstrated it was standing on its original TPC, and 2) even if the ATPC was improperly struck, the error was harmless, because the ATPC did not cure the defects present in the original TPC.

{¶ 22} Civ.R. 15(A) provides in relevant part that:

* * * A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

{¶ 23} Pursuant to the plain language of the rule, Mangen could amend its TPC as a matter of course within 28 days after service of it, or the earlier of 28 days after service of (a) a responsive pleading or (b) a motion to dismiss, to strike, or for a more definite statement. Civ.R. 15(A). Upon the expiration of the applicable 28-day period, Mangen was required to obtain either leave of court or written consent from the opposing party before filing an amended third-party complaint. *Id.*

{¶ 24} Mangen filed the TPC on April 17, 2023. Pursuant to Civ.R. 7(A), Mangen's original TPC constituted a pleading "to which a responsive pleading was required." After being granted additional time to respond, ReGeneration filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on June 2, 2023. Pursuant to the Local Rules of Practice and Procedure for the General Division of the Montgomery County Common

Pleas Court, service is deemed complete at the time the electronic notification is generated by the court's electronic filing system on the date filed for documents submitted subsequent to the complaint. Mont. Co. C.P.R. 1.15(H)(4) and (5). However, the local rule further provides that if a document is filed after 5 p.m. local time, it shall be deemed served the next day. Mont. Co. C.P.R. 1.15(H)(5). ReGeneration's motion to dismiss was filed on Friday, June 2, 2023, at 11:54 p.m. Mangen, therefore, had 28 days from the date the reply was served to amend the TPC "once as a matter of course."

{¶ 25} In striking the ATPC, the trial court stated that, "[t]he Court did not receive any calls seeking leave to file this pleading nor did Mangen file any document seeking leave to file this pleading. The Court therefore STRIKES the First Amended Third Party Complaint." Decision Granting Motion to Dismiss (July 25, 2023). Mangen's ATPC was filed on June 30, 2023 — within the 28-day period prescribed by Civ.R. 15(A). Under these circumstances, we must conclude the ATPC was timely filed. Mangen had no obligation to obtain ReGeneration's consent or leave of court to amend its TPC. "A party has an absolute right to amend his pleading during the applicable 28-day period by filing an amended pleading." *Martin v. Block Communications, Inc.*, 6th Dist. Lucas No. L-16-1213, 2017-Ohio-1474, ¶ 19. Based on the foregoing, we conclude that the trial court erred as a matter of law by striking Mangen's ATPC for failing to obtain leave of court when leave of court was not required.

{¶ 26} ReGeneration argues that, in the event this court concludes that the trial court erred in striking Mangen's ATPC, the trial court's decision should, nonetheless, be affirmed because, even considering the allegations in the ATPC, there were insufficient

facts to survive a Civ.R. 12(B)(6) motion. Accordingly, the trial court's error in striking the ATPC was harmless. We do not agree.

{¶ 27} "It is well settled that an amended pleading supersedes the original pleading." (Citations omitted.) *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, ¶ 32 (10th Dist.). Although Mangen's ATPC superseded the original TPC, the trial court explicitly did not consider Mangen's ATPC in its decision dismissing Mangen's TPC because it had erroneously stricken the ATPC.

{¶ 28} Furthermore, Mangen has not had a full opportunity to respond to ReGeneration's motion to dismiss the ATPC. Pursuant to Civ.R. 6(C)(1), responses to a written motion, such as a motion to dismiss, may be filed within 14 days after service of the motion.

{¶ 29} Mangen filed the ATPC on June 30, 2023. ReGeneration's Omnibus Reply included an argument in support of its motion to dismiss the TPC and further moved to dismiss the ATPC. We note that the better practice for parties who want to file a motion to dismiss an amended pleading is to file that motion separately rather than as part of a reply in support of a motion to dismiss a prior pleading. Regardless, Mangen should have received 14 days after service of the Omnibus Reply to respond to ReGeneration's request to dismiss the ATPC. Civ.R. 6(C)(1). "A 'reasonable opportunity to defend against dismissal' * * * contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court." *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 519-20, 721 N.E.2d 1029 (2000). The Omnibus Reply was filed on July 14, 2023, and the trial court struck the

ATPC and granted the motion to dismiss the TPC on July 25, 2023. In striking the ATPC just 11 days after ReGeneration's motion to dismiss the ATPC was filed, Mangen was not afforded the required amount of time to respond to the motion to dismiss.

{¶ 30} It would not be proper for us to consider whether the trial court should have granted ReGeneration's motion to dismiss the ATPC, because the trial court never considered it in the first instance and Mangen was not afforded a full opportunity to respond. As such, we will reverse the trial court's order and remand this case for the trial court to consider in the first instance whether Mangen's ATPC should be dismissed pursuant to Civ.R. 12(B)(6), after the trial court allows Mangen an opportunity to file a response to ReGeneration's motion to dismiss the ATPC.

{¶ 31} Mangen's first assignment of error is sustained.

### III. Second Assignment of Error

{¶ 32} Based on our resolution of the first assignment of error, Mangen's second assignment of error is overruled as moot. App.R. 12(A)(1)(c).

### IV. Conclusion

{¶ 33} Having sustained appellant's first assignment of error, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

. . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.