[Cite as *Bunting v. Watts*, 2017-Ohio-9121.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| PAUL EDWARD BUNTING | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MARY & GREG WATTS | : | Case No. 2017CA00161 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2017CV01240




JUDGMENT:                         Reversed and Remanded




DATE OF JUDGMENT:                 December 18, 2017




APPEARANCES:

For Plaintiff-Appellant                   For Defendants-Appellees

PAUL EDWARD BUNTING, Pro Se               MARY & GREGORY WATTS, Pro Se
Inmate No. A395279                        1984 Liberty Drive, NE
Belmont Correctional Institution          Louisville, OH  44641
68518 Bannock Road, SR 331
P.O. Box 540
St. Clairsville, OH  43950-9736

*Wise, Earle, J.*

{¶ 1}  Plaintiff-Appellant, Paul Edward Bunting, appeals the July 31, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting the motion to dismiss filed by Defendants-Appellees, Mary and Greg Watts.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  Because this case was disposed of via a motion to dismiss the complaint, we glean the following facts from the limited pro se pleadings.

{¶ 3}  On or about March 27, 2008, Mary Jane Bunting became ill and was hospitalized.  Ms. Bunting had two children, appellant and appellee Mary Watts.  On April 1, 2008, Ms. Bunting granted her daughter a durable unlimited power of attorney to handle her affairs.  On April 4, 2008, appellee Mary Watts, by virtue of her power of attorney, transferred Ms. Bunting's prefab manufactured modular home to her husband, appellee Greg Watts.  Ms. Bunting passed away on April 5, 2008.  The power of attorney and quit claim deed were recorded on April 9, 2008.

{¶ 4}  On June 19, 2017, appellant filed a pro se complaint for declaratory judgment against his sister and her husband.  Appellant sought a declaration from the trial court regarding the validity of the power of attorney and the subsequent conveyance of Ms. Bunting's real property.  Appellant claimed his sister obtained the power of attorney from his mother through fraud, arguing the notary acknowledged the signatures on April 3, 2008, two days after the signing.  Appellant also claimed his sister engaged in illegal self-dealing in transferring Ms. Bunting's real property to her husband instead of filing decedent's estate in probate, and as a result, was unjustly enriched.  Appellant further claimed at ¶ 20 that his sister used the power of attorney "as a weapon

to cease and desist all medical life-support to purposefully cause the death of Decedent." Attached to the complaint were copies of the power of attorney and the quit claim deed.

{¶ 5} On July 11, 2017, appellees filed a pro se answer and requested a dismissal of the case, stating in part appellant has been trying to sue them for over nine years from prison and there was no monetary gain after bills and the funeral expenses were paid. Attached to their answer were copies of judgment entries dismissing complaints appellant had filed in 2008 (Case Nos. 2008CV02544 and 2008CV04511).

{¶ 6} By judgment entry filed July 31, 2017, the trial court dismissed the case pursuant to Civ.R. 12(B)(6) in accordance with the cited case law therein, that being, "[d]ismissal is appropriate where it appears beyond doubt that the complaining party can prove no set of facts in support of the complaining party's claim that would entitle said party to relief."

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 8} "THE DECLARATORY TRIAL COURT PREJUDICIALLY ERRED IN THE DISMISSAL OF THE DECLARATORY COMPLAINT BY FAILING TO DECLARE THE QUESTIONS OF LAW AND WHICH THE FILING OF THE JUDGMENT WAS PREMATURE CONSTITUTES AN ABUSE OF THE COURT'S DISCRETION."

II

{¶ 9} "THE JULY 31, 2017, JUDGMENT ENTRY EXHIBITED AT PAGE REF. 'A' IS NOT A FINAL APPEALABLE ORDER UNDER R.C. 2505.02"

III

{¶ 10} "THE DECLARATORY TRIAL COURT FAILED TO ALLOW PLAINTIFF-APPELLANT AN OPPORTUNITY TO AMEND THE DECLARATORY COMPLAINT IF SO DESIRED."

I, II, III

{¶ 11} In his three asignments of error, appellant claims the trial court erred in dismissing his complaint and the dismissal was premature, the trial court's judgment entry dismissing the complaint was not a final appealable order, and the trial court erred in failing to allow him the opportunity to amend his complaint.  We agree in part.

{¶ 12} At the outset, we find the trial court's July 31, 2017 judgment entry dismissing the declaratory judgment complaint to be a final appealable order under R.C. 2505.02(B), otherwise, this court would lack jurisdiction to entertain this appeal.

{¶ 13} Assignment of Error II is denied.

{¶ 14} Appellees filed a pro se answer and requested a dismissal of the case on July 11, 2017.  By judgment entry filed July 31, 2017, the trial court treated this request as a motion to dismiss pursuant to Civ.R. 12(B) under subsection (6), failure to state a claim upon which relief can be granted.

{¶ 15} Civ.R. 15 governs amended and supplemental pleadings.  Subsection (A) states the following:

> **(A) Amendments.** A party may amend its pleading once as a
> matter of course within twenty-eight days after serving it or, if the pleading
> is one to which a responsive pleading is required within twenty-eight days

after service of a responsive pleading or *twenty-eight days after service of a motion under Civ.R. 12(B),* (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later. (Emphasis added.)

{¶ 16} The trial court dismissed the complaint under Civ.R. 12(B)(6) twenty days after appellees' combined answer and request to dismiss. We agree with appellant the trial court's ruling was premature and denied him the opportunity to amend his complaint if he so desired as a matter of course under Civ.R. 15(A). "This right is absolute." *Martin v. Block Communications, Inc.,* 6th Dist. Lucas No. L-16-1213, 2017-Ohio-1474.

{¶ 17} Upon review, we find the trial court erred in dismissing the complaint prematurely.

{¶ 18} Assignment of Error I is granted in part. Assignment of Error III is granted.

{¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/db1130