[Cite as *Busy Bee Nursery & Preschool, Inc. v. Dept. of Job & Family Servs.*, 2018-Ohio-1158.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Busy Bee Nursery and Preschool, Inc., | : | |
| Plaintiff-Appellant, | : | No. 15AP-1036 |
| | | (C.P.C. No. 15CV-5880) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Job and Family Services, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

---

### D E C I S I O N

#### Rendered on March 29, 2018

---

**On brief**: *Barry W. Epstein*, for appellant. **Argued**: *Barry W. Epstein*.

**On brief**: *Michael DeWine*, Attorney General, *Allan K. Showalter*, and *Amy R. Goldstein*, for appellee. **Argued**: *Amy R. Goldstein*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} Busy Bee Nursery and Preschool, Inc., plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the trial court granted the motion to dismiss filed by the Ohio Department of Job and Family Services ("ODJFS"), defendant-appellee.

{¶ 2} Appellant is a licensed child day care provider that contracted with ODJFS to provide publicly funded child care pursuant to R.C. 5104.32. On March 9, 2015, ODJFS issued a notice of overpayment to appellant informing it that ODJFS had overpaid

appellant $36,742.90 from September 2013 to September 2014. The letter indicated appellant had 15 days to request reconsideration, but appellant's counsel requested and received an extension until April 24, 2015. On April 24, 2015, appellant requested reconsideration and provided documentation to support its contention that ODJFS's calculations were inaccurate.

{¶ 3} On June 10, 2015, ODJFS denied appellant's reconsideration. ODJFS began collection of the overpayment on June 22, 2015, by withholding appellant's weekly earnings. ODJFS subsequently agreed to cease collection of the overpayment pending the outcome of this litigation.

{¶ 4} On July 10, 2015, appellant filed a complaint, seeking a temporary restraining order, preliminary and permanent injunctive relief, declaratory relief, and damages. Appellant contended ODJFS did not afford it fair and equal treatment when it failed to properly review its supporting evidence, and ODJFS's review process is fundamentally unfair.

{¶ 5} On September 14, 2015, ODJFS filed a motion to dismiss pursuant to Civ.R. 12(B)(6). ODJFS argued that: (1) appellant's request for a declaratory judgment failed to allege any reason that its decision was void as a matter of law, (2) appellant sought injunctive relief as a remedy for its declaratory judgment action instead of as a separate cause of action, and (3) appellant was not entitled to a mandatory injunction.

{¶ 6} On October 28, 2015, the trial court issued a decision and entry in which it granted ODJFS's motion to dismiss. The court found ODJFS was permitted, under R.C. 5104.37, to recover money erroneously paid to a provider, and the provider may request that the determination be reconsidered, pursuant to Ohio Adm.Code 5101:2-16-71(D), but no right of appeal existed beyond that reconsideration. The court concluded appellant failed to specify any legal basis that would allow the court to void the decision of ODJFS and, thus, failed to state a claim upon which relief could be granted.

{¶ 7} Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> I. THE TRIAL COURT ERRED BY DISMISSING A CASE IN VIOLATION OF PROCEDURAL DUE PROCESS.
>
> II. THE TRIAL COURT ERRED BY DISMISSING THE CASE PURSUANT TO A [CIV.R. 12(B)(6)] MOTION WITHOUT

PROVIDING THE APPELLANT LEAVE TO AMEND ITS PLEADINGS.

{¶ 8} Appellant argues in its first assignment of error the trial court erred when it dismissed its action pursuant to Civ.R. 12(B)(6). A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Dismissal for failure to state a claim is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 03AP-330, 2003-Ohio-6940, ¶ 12. We review the dismissal of a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9.

{¶ 9} In the present case, appellant claims in its first assignment of error that ODJFS's review process violated due process. "The United States Supreme Court has held that '[t]he fundamental requisite of due process of law is the opportunity to be heard.' " *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124 (1986), quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). Moreover, "[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

{¶ 10} The Ohio Constitution also explicitly guarantees due process. Ohio Constitution, Article I, Section 16, provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

"[This clause] undeniably affords the parties in a civil case the right to due process of law, the 'basic thrust' of the clause being a requirement for notice and an 'opportunity to be heard.' " *Szerlip v. Szerlip*, 5th Dist. No. 01CA16, 2002-Ohio-2540, ¶ 28, citing *Ohio Valley Radiology* at 124-25.

{¶ 11} Furthermore, the requirements of procedural due process apply only to the deprivation of protected interests of liberty and property, and when so implicated, the right to some kind of prior hearing is paramount. *Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Thus, the first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). Only after finding the deprivation of a protected interest do we look to see if the state's procedures comport with due process. *Id.* To have a property interest in a benefit, a person must have a legitimate claim of entitlement to it. *Roth* at 577. Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Id.*

{¶ 12} In the present case, we assume, arguendo, that appellant had a protected property interest and, therefore, the requirements of procedural due process apply. Assuming such, appellant claims ODJFS failed to provide any opportunity, beyond a cursory internal records review, for appellant to challenge its findings. Appellant asserts that ODJFS's deprivation of its income by way of withholding future income to appellant demands a more meaningful review process than currently set forth by ODJFS, including a full evidentiary hearing.

{¶ 13} Initially, ODJFS counters appellant failed to specifically raise a due process argument in its complaint for a temporary restraining order, preliminary and permanent injunctive relief, declaratory relief, and damages before the trial court. Appellant's allegation in the complaint that ODJFS failed to provide "fair and equal treatment" in the review process is directed at ODJFS's review of appellant's request for reconsideration, which does not raise the issue of an inadequate opportunity to be heard but ODJFS's legal and factual conclusions; thus, this portion of the complaint does not appear to raise a due process argument. However, a strained reading of the complaint could arguably support

some due process argument. Appellant does complain there was no appeal or further review possible, debatably raising a due process allegation.

{¶ 14} Notwithstanding, even assuming appellant raised a due process argument in its complaint below, we find appellant's due process argument to be without merit. R.C. 5104.37(B) provides: "The department of job and family services may withhold any money due under this chapter and recover through any appropriate method any money erroneously paid under this chapter if evidence exists of less than full compliance with this chapter and any rules adopted under it." Former Ohio Adm.Code 5101:2-16-72(F), which was effective during the pertinent period, provided: "Child care providers may request in writing a reconsideration of any overpayment identified and subject to collection." Neither Ohio statutory nor administrative law provides for a full evidentiary hearing upon reconsideration of ODJFS's decision to withhold money due as a result of overpayment.

{¶ 15} We have not found any authority directly on point, but two cases are helpful to our analysis in the present case. The Second District Court of Appeals recently addressed the reconsideration procedure for providers under R.C. 5104.37 and Ohio Adm.Code 5101:2-16-72, in *Small World Early Childhood Ctr. v. Ohio Dept. of Job & Family Servs.*, 2d Dist. No. 27448, 2017-Ohio-8336. In *Small World*, after an investigation, ODJFS concluded it had overpaid the provider by $442,963.67. The provider sought reconsideration of ODJFS's overpayment calculation. ODJFS denied the provider's reconsideration of the overpayment calculation, stating the reconsideration decision was final and not subject to further review. The provider attempted to appeal ODJFS's reconsideration decision to the common pleas court, which subsequently dismissed the appeal for lack of jurisdiction. On appeal, the court of appeals affirmed the trial court's dismissal. The court found "[n]othing in R.C. 5104.37 provides for an appeal to the court of common pleas of * * * an order for repayment of any money erroneously paid to an eligible provider." *Id.* at ¶ 17. The court noted R.C. 5104.38 provides that the director of ODJFS shall adopt rules, in accordance with R.C. 119 governing financial and administrative requirements for publicly funded child care, and the statute enumerates 13 areas which were to be addressed by rule, none of which related to appeal procedures for eligible providers who were found to have wrongfully received payments. Furthermore,

the court noted that Ohio Adm.Code 5101:2-16-71(D) provides a provider can request a review of the identified overpayment in writing to ODJFS no later than 15 days after the date the provider receives the overpayment notice. The court then concluded, "In summary, no provision in R.C. Chapter 5104 or administrative rule related to the publicly funded child care authorizes an appeal * * * from an ODJFS decision * * * regarding an identified overpayment." *Id.* at ¶ 22. In response to the provider's complaint that ODJFS should have promulgated rules providing for a hearing and judicial review, the court found them unavailing. *Id.* at ¶ 27. The court found R.C. Chapter 5104 did not make decisions relating to contracts with publicly funded child care providers subject to the right-to-appeal-adjudications provisions in R.C. 119.12. *Id.* at ¶ 29. Therefore, the court of appeals concluded the provider has no right to any further hearing or appeal after ODJFS's denial of the request for reconsideration. Although the court in *Small World* did not directly address the due process implications of the lack of any hearing on reconsideration, it is worthy to note that the court did not question the reconsideration procedure in any manner.

{¶ 16} Also of import to the present case is that, after finding day care providers are not entitled to any further hearing or appeal of an ODJFS denial of a request for reconsideration, the court in *Small World* went on to note providers of publicly funded child care have a possible avenue for relief. The court explained that the Supreme Court of Ohio " 'has repeatedly determined in a long line of cases in varying contexts that when an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision, by attempting to show that the agency abused its discretion.' " *Id.* at ¶ 42, quoting *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, ¶ 23. As explained by the Supreme Court and quoted by the court in *Small World*:

> Two important competing concerns are implicated when a party wishes to challenge a particular state actor's decision that expressly is not appealable. The first concern is that the unavailability of an appeal indicates the clear intention that full discretion is to be entrusted to the state agency. The opposing concern is that if an agency's discretionary decision were truly allowed to be absolutely unchallengeable, an aggrieved party would have no remedy whatsoever, giving the state agency unfettered discretion and raising fundamental

> due process concerns. See Section 16, Article I of the Ohio Constitution, which provides that a remedy shall be available "by due course of law."
>
> In light of these very significant competing concerns, courts (including this court in many different situations) have determined that some level of review must be recognized. Furthermore, courts have determined that a writ of mandamus provides an appropriate balance between the extreme of allowing no challenge at all and the other alternative of completely ignoring the explicit directive that an agency's particular determination is not meant to be appealable. In such a mandamus action, the aggrieved party can challenge the agency's decision, but must demonstrate an abuse of discretion before relief can be provided.

*Id.* at ¶ 42, quoting *Ohio Academy* at ¶ 25-26. However, the court of appeals in *Small World* refused to state an opinion as to whether an original action in mandamus would be available or successful.

{¶ 17} This court's decision in *State ex rel. Rock v. School Emps. Retirement Bd.*, 10th Dist. No. 99AP-1474, 2004-Ohio-5268, is also helpful to our analysis. In *Rock*, the applicant applied for disability retirement from the School Employees Retirement System ("SERS"). SERS denied the application and the applicant's subsequent request for reconsideration. The applicant filed a complaint in mandamus in this court to compel SERS to vacate its decision and grant disability retirement benefits, or, alternatively, to compel SERS to vacate its decision and grant the applicant a personal appearance before SERS. Ultimately, this court decided that, in the absence of evidence to the contrary, administrative officers will be presumed to have properly performed their duties in a regular and lawful manner and not to have acted illegally or unlawfully. We further found the applicant was not deprived of procedural due process when she was not provided with an evidentiary hearing before the board, and the board denied her request for a personal appearance. We explained that due process is flexible and calls for such procedural protections as the particular situation demands. We noted that none of the statutory and administrative provisions at issue required an evidentiary hearing before SERS. We ultimately concluded that, even assuming the applicant had a protected property interest, the applicant was not deprived of procedural due process.

{¶ 18} We agree with the court's analysis in *Small World*. There is no statutory or administrative provision that permits any hearing or further appeal in cases such as the one at bar. As the Supreme Court stated in *Ohio Academy*, there are instances when an agency's decision is discretionary and, by statute, not subject to further review. The inability to further contest the administrative decision indicates the clear intention that full discretion is to be entrusted to the state agency, and apparently the General Assembly entrusted ODJFS to make the final decision on overpayment issues, as it did in this case on reconsideration. Furthermore, applying concepts explained in *Rock* to the present case, we presume ODJFS performed a proper analysis of the evidence appellant presented in the request for reconsideration, and the record is devoid of any evidence that ODJFS failed to perform a full and proper analysis of appellant's reconsideration request. In sum, appellant in the present case has simply provided no clear legal theory for a determination that ODJFS's review process for requests for reconsideration is a due process violation and should have provisions for an evidentiary hearing or different appeal process. Appellant was given an opportunity to be heard by way of a written request for reconsideration, and we can find no violation of due process under these circumstances. For these reasons, we overrule appellant's first assignment of error.

{¶ 19} Appellant argues in its second assignment of error the trial court erred when it dismissed the complaint without providing appellant leave to amend its pleadings. Civ.R. 15(A) provides, in pertinent part:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

Thus, "after the time has passed in which a responsive pleading may be served, a party may amend its pleading only by leave of court or written consent of the adverse party." *Morrissette v. DFS Servs., L.L.C.*, 10th Dist. No. 10AP-633, 2011-Ohio-2369, ¶ 30. Civ.R. 15(A) nonetheless "favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically

allowed." *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). "Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, 'a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.' " *Jacobson-Kirsch v. Kaforey*, 9th Dist. No. 26708, 2013-Ohio-5114, ¶ 12, quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984).

{¶ 20} In the present case, appellant contends that once the trial court decided it needed more information, it should have, in the interest of justice, afforded appellant the opportunity to amend before dismissing the case. We disagree. Appellant neither filed an amended complaint nor sought leave to file an amended complaint. A court is not required to give a plaintiff notice or an opportunity to amend before dismissing the complaint pursuant to Civ.R. 12(B). *See Allen v. Bryan*, 4th Dist. No. 12CA15, 2013-Ohio-1917, ¶ 13-14 (trial court did not err by dismissing the plaintiff's complaint without giving him an opportunity to amend it, pursuant to Civ.R. 15(A), because he never filed a motion for leave to amend the complaint); *Barley v. Hearth & Care of Greenfield, LLC*, 4th Dist. No. 12CA13, 2013-Ohio-279, ¶ 18 (trial court did not err by not giving the plaintiffs an opportunity to amend their complaint before dismissing it pursuant to Civ.R. 12(B); the plaintiffs never filed a motion for leave to amend the complaint). For this reason alone, we find the trial court did not err, and we overrule appellant's second assignment of error.

{¶ 21} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____