[Cite as *Vanek v. Geauga Soil & Water Conservation Dist.*, 2020-Ohio-3950.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AMBER VANEK, et al.

    Appellees

    v.

GEAUGA SOIL & WATER
CONSERVATION DISTRICT, et al.

    Appellants

C.A. No.     29610

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2019-05-1766

DECISION AND JOURNAL ENTRY

Dated: August 5, 2020

TEODOSIO, Judge.

{¶1} Gail Prunty seeks to appeal the order of the Summit County Court of Common Pleas granting the plaintiffs' motion for leave to file a first amended complaint. We dismiss the attempted appeal for the lack of a final, appealable order.

I.

{¶1} In May 2019, Amber R. Vanek (individually and as the administrator of the estate of Paisley Rae-Gene Vanek) and Joshua Vanek filed a complaint against the Geauga Soil and Water Conservation District and Gail L. Prunty, asserting claims for negligence, direct liability, wrongful death, and other claims stemming from a motor vehicle accident. The complaint alleged that in September 2019, Amber R. Vanek and Paisley Rae-Gene Vanek were passengers in an automobile driven by Tamra Bell, when a collision occurred with a vehicle driven by Ms. Prunty in the course and scope of her employment with the Geauga Soil and Water Conservation District, resulting in injuries to Amber Vanek and the death of Paisley Rae-Gene Vanek. Tamra Bell

(individually and as mother and legal guardian of a minor child) and Jason Bell likewise filed a complaint against the Geauga Soil and Water Conservation District and Ms. Prunty for injuries sustained in the accident, with the two cases being consolidated in September 2019.

{¶2} Ms. Prunty filed a motion for judgment on the pleadings, asserting that she was entitled to political subdivision employee immunity under R.C. 2744.03(A)(6).  The Bells filed a brief in opposition to the motion for judgment on the pleadings and a motion for leave to file a first amended complaint.  On November 19, 2019, the trial court granted the motion for leave to file a first amended complaint and found Ms. Prunty's motion for judgment on the pleadings to be moot.  The Bells subsequently filed their amended complaint.

{¶3} Ms. Prunty now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO REACH THE MERITS OF GAIL
PRUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶4} In her assignment of error, Ms. Prunty argues the trial court erred in failing to reach the merits of her motion for judgment on the pleadings because the granting of leave to amend the complaint denied her of the benefits of an alleged political subdivision immunity.  We do not agree.

{¶5} In response to this assignment of error, the Bells argue, in part, that this Court does not have jurisdiction to consider the instant appeal because the order from which Ms. Prunty appeals is not a final, appealable order.  Before this Court can reach the merits of an appeal, we must consider whether the orders appealed from are final, appealable orders as "[t]his Court has jurisdiction to hear appeals only from final judgments."  *Peppeard v. Summit Cty.*, 9th Dist. Summit No. 25057, 2010-Ohio-2862, ¶ 9, citing Article IV, Section 3(B)(2), Ohio Constitution;

R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Id.*

{¶6} Generally, an order ruling on a motion for leave to amend a pleading is not a final, appealable order. *See Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 10. R.C. 2744.02(C) provides, however: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶7} Contrary to Ms. Prunty's contention otherwise, we conclude the trial court's order did not deny her the benefit of immunity. It is well-settled that "[t]he filing of an amended complaint supplants the original or any prior complaint." *Schaffer v. Huntington Natl. Bank*, 9th Dist. Lorain No. 14CA010574, 2015-Ohio-207, ¶ 5, citing *Harris v. Wilkinson*, 10th Dist. Franklin No. 05AP–442, 2005–Ohio–6104, ¶ 2. *See also Nationwide Mut. Ins. Co. v. Galman*, 7th Dist. Mahoning No. 03 MA 202, 2004–Ohio–7206, ¶ 44, citing *Sterner v. Sterner*, 85 Ohio App.3d 513, 519 (4th Dist.1993) ("An amended pleading substitutes for or replaces the original pleading."), citing 4 Harper, Anderson's Ohio Civil Practice (1987) 528, Section 156.04. Consequently, the original complaint, to which Ms. Prunty's motion for judgment on the pleadings was directed, was no longer pending when it was supplanted by the amended complaint.

{¶8} Key to this analysis is the fact that Ms. Prunty's motion for judgment on the pleadings was not denied by the trial court; rather the motion was rendered moot once the amended complaint was filed.[1] Upon the filing of the amended complaint, Ms. Prunty's motion for

---

[1] We note that the trial court prematurely found the motion for judgment on the pleadings moot upon its granting of the motion for leave to amend the complaint. Rather, the motion for judgment on the pleadings was rendered moot upon the filing of the amended complaint. We find this to be harmless error, however, and it does not alter our analysis herein.

judgment on the pleadings became moot because the complaint from which she sought the alleged benefit of immunity was no longer active. Because the complaint from which she sought immunity was no longer pending, there was no benefit of immunity to be enjoyed. Moreover, appellant was not prohibited from filing a motion for judgment on the pleadings and raising an immunity defense in response to the amended complaint. The benefit of the alleged immunity as to the active complaint was thus still available to the appellant.

{¶9} We are cognizant that the Supreme Court of Ohio has previously concluded that a trial court's denial of a motion for leave to file an amended answer to raise the affirmative defense of political subdivision immunity precluded the appellant from enjoying the benefits of the alleged immunity. *See Supportive Solutions*, 137 Ohio St.3d 23, 2013-Ohio-2410, at ¶ 23. *Accord Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 12, 27 ("[W]e hold that when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)."). We find such a scenario distinguishable from the circumstances presently under our review, as the order of the trial court in *Supportive Solutions* directly prevented the immunity defense from being raised. There is no such preclusion here.

{¶10} We therefore conclude that the trial court's order from which Ms. Prunty attempts her appeal is not a final, appealable order. This Court is without jurisdiction.

III.

{¶11} Because there is no final, appealable order in this case, this Court lacks jurisdiction over this attempted appeal. Accordingly, the attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JACK MORRISON, JR., THOMAS R. HOULIHAN, and THOMAS A MARINO, II, Attorneys at Law, for Appellant.

ERIC HENRY, Attorney at Law, for Appellees.