[Cite as *Brenson v. Dean*, 2022-Ohio-2228.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James A. Brenson, Jr.,                          :

    Plaintiff-Appellant,                      :

                                                  No. 21AP-584

v.                                              :        (C.P.C. No. 21CV-5562)

Dorothy Dean, M.D.,                             :        (REGULAR CALENDAR)

    Defendant-Appellee.                       :

---

D E C I S I O N

Rendered on June 28, 2022

---

**On brief:** *James A. Brenson, Jr.*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Andrea C. Hofer*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, James A. Brenson, Jr., pro se, appeals from a judgment of the Franklin County Court of Common Pleas, dismissing his complaint against defendant-appellee, Dorothy Dean, M.D., for failure to state a claim upon which relief may be granted. For the reasons that follow, we reverse.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Appellant is an inmate in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") serving a prison term for the aggravated murder of Norman Herrell in June 2000. According to the complaint, appellee was employed as a medical doctor by the Franklin County Coroner on or about the time of his trial, she performed the autopsy on Herrell, and she issued a report including her opinion as to the time of death. The gravamen of appellant's complaint for medical malpractice is that

appellee provided false and misleading testimony at his criminal trial as to the time of Herrell's death, and that appellee's false and misleading testimony resulted in his wrongful conviction of aggravated murder. Appellant further alleges that he retained the services of Todd C. Grey, M.D., and that Dr. Grey reviewed the autopsy report and issued a report on September 1, 2020, a copy of which is attached to the complaint as Exhibit A. In the report, Dr. Grey opines that Herrell died in the morning hours of June 12, 2000, not in the evening hours of June 11, 2020, as appellee had testified at appellant's criminal trial.

{¶ 3} Appellant's complaint seeking compensatory and punitive damages alleges appellee "violated the hipacratic [sic] oath * * * when giving testimony in relation to performing the autopsy of Norman Herrell [and] failed to adhere to basic algorithms of pathology that has caused plaintiff incomprehensible loss to person or property or injury due to such medical malpractice." (Sept. 2, 2021 Compl. at ¶ 2.) The complaint further alleges that appellant "did not discover the conduct of defendant until after September 1, 2020, when plaintiff received Dr. Todd Grey's notarized [sic] report." (Compl. at ¶ 4.)

{¶ 4} On September 28, 2021, appellee filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted. In the motion, appellee argued that she was an employee of the Franklin County Coroner's office at the time of the conduct alleged and, therefore, she is immune from liability to appellant under the relevant provisions of the Political Subdivision Liability Act. R.C. 2744.01(B) and 2744.03(A)(6).

{¶ 5} On October 18, 2021, the trial court issued a decision and entry granting appellee's motion to dismiss. The following day, October 19, 2021, appellant filed a motion, pursuant to Civ.R. 6(B), seeking an extension of time to respond to appellee's motion to dismiss. The grounds for the motion was an alleged change in ODRC policy which delayed his receipt of the motion until October 14, 2021.

{¶ 6} On October 21, 2021, the trial court issued an entry denying appellant's motion. The trial court concluded that because the October 18, 2021 decision and entry was a final appealable order that disposed of all the claims in the complaint, the court no longer had authority to entertain appellant's motion for an extension of time. The trial court further found that even if it construed appellant's motion as a motion for relief from judgment pursuant to Civ.R. 60(B), appellant failed to "set forth any facts showing that he

has a meritorious defense to the Motion to Dismiss if relief was granted." (Oct. 21, 2021 Entry at 2.)

{¶ 7} Appellant timely appealed to this court from the October 21, 2021 judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

[1.] The trial court erred in finding Dr. Dean immune from liability as an employee of a political subdivision and entitled to representation by the Franklin County Prosecutor's Office, when Dr. Dean failed to submit any evidence that she is a Franklin County, Ohio, employee and entitled to such representation.

[2.] The trial court erred by prematurely dismissing Brenson's complaint, denying him the right to amend his complaint if so desired.

[3.] The trial court erred and should have jointly construed Brenson's two (2) post-judgment motions as a motion for relief from judgment; granting such prior to the institution of appeal.

## III. LEGAL ANALYSIS

### A. Appellant's Second Assignment of Error

{¶ 9} Because our resolution of appellant's second assignment of error disposes of this appeal, we shall consider it first. In appellant's second assignment of error, appellant contends the trial court erred when it prematurely granted appellee's motion to dismiss the complaint without providing appellant the required time to amend. We agree.

{¶ 10} Civ.R. 15 provides in relevant part as follows:

(A) Amendments. A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, *if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F)*, whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

(Emphasis added.)

{¶ 11} Appellant's complaint was a pleading to which a responsive pleading was required within 28 days after service of a motion under Civ.R. 12(B), (E) or (F). Appellee filed a motion to dismiss the complaint under Civ.R. 12(B) on September 28, 2021. Under Civ.R. 15(A), appellant had 28 days thereafter to file an amended complaint. By our calculation, appellant's amended complaint would have been due on October 29, 2021.[1] The trial court granted appellee's motion to dismiss on October 18, 2021, well before the 28-day period permitted under Civ.R. 15(A) had expired. By our calculation, only 16 of the 28 days permitted under Civ.R. 15(A) had elapsed when the trial court ruled on the motion to dismiss. Thus, the trial court erred when it prematurely granted appellee's motion to dismiss.

{¶ 12} Appellee argues that even if the trial court prematurely dismissed appellant's complaint, he was not prejudiced by the error because he could plead no set of facts that would defeat appellee's claim of immunity. We find no merit in appellee's argument in light of Ohio's notice pleading rule.

{¶ 13} R.C. 2744.03 provides in relevant part as follows:

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
>
> * * *
>
> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
>
> * * *

---

[1] Civ.R. 6(D) provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period. This division does not apply to responses to service of summons under Civ.R. 4 through Civ.R. 4.6."

> (b) *The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner*[.]

(Emphasis added.)

{¶ 14} In *Maternal Grandmother, Admr. v. Hamilton Cty., Dept. of Job & Family Servs.*, ___ Ohio St.3d ___, 2021-Ohio-4096, the Supreme Court of Ohio weighed in on the pleading requirements with respect to the defense of personal immunity under R.C. 2744.03(A)(6). In *Maternal Grandmother*, the Supreme Court concluded that the appellate court erred in affirming the trial court's dismissal with prejudice of a grandmother's claims for wrongful death and survivorship against the caseworkers involved with her deceased grandchild due to a claim of personal immunity under R.C. 2744.03(A)(6). *Id.* at ¶ 15. The Supreme Court held that when a complaint invokes an exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard. *Id.* at ¶ 17.

{¶ 15} Political subdivision immunity is an affirmative defense that prevents a judgment against a political subdivision or an employee of the political subdivision in some circumstances. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, ¶ 44. Because political subdivision immunity is an affirmative defense it may be waived if not timely asserted in a pleading or in a pre-answer motion. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 19. Appellee raised the immunity defense in a pre-answer motion to dismiss. In ruling on appellee's motion to dismiss, the trial court concluded the allegations in the complaint left no doubt that appellee was entitled to personal immunity under R.C. 2744.03(A)(6) because "[n]owhere does the Complaint allege any conduct from which it can be inferred that Dr. Dean acted with a malicious purpose, in bad faith, or in a wanton or reckless manner." (Oct. 18, 2021 Decision & Entry at 5.)

{¶ 16} We have determined that the trial court erred when it granted appellee's motion to dismiss without giving appellant the required time to amend his complaint. We cannot agree that this error was harmless in light of the liberal notice pleading standard applicable to exceptions to personal immunity under R.C. 2744.03(A)(6)(b). Pursuant to the Supreme Court ruling in *Maternal Grandmother*, a complaint that merely invokes one

of the exceptions to immunity set out in R.C. 2744.03(A)(6), may be sufficient to withstand a motion to dismiss based upon the personal immunity provided to employees of political subdivisions. Appellant should have had an opportunity in this case to amend his complaint in order to invoke one or more of the exceptions to immunity set forth in R.C. 2744.03(A)(6) and assert any additional facts relevant to an exception. The trial court's premature ruling on appellee's motion to dismiss unfairly deprived appellant of this opportunity to appellant's prejudice.

{¶ 17} Based on the foregoing, we hold the trial court committed reversible error when it granted appellee's motion to dismiss without providing appellant the required time to amend his complaint under Civ.R. 15(A). Accordingly, we sustain appellant's second assignment of error.

### B. Appellant's First and Third Assignments of Error

{¶ 18} In appellant's first assignment of error, he alleges trial court error with regard to appellee's legal representation in light of appellee's claim of immunity, and in appellant's third assignment of error appellant alleges error with regard to certain post-judgment motions. Because we have sustained appellant's second assignment of error upon finding the trial court committed reversible error, appellant's first and third assignments of error are moot. App.R. 12(A)(1)(c).

## IV. CONCLUSION

{¶ 19} Having sustained appellant's second assignment of error, and having found appellant's first and third assignments of error moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

LUPER SCHUSTER, P.J., concurs in judgment only.
NELSON, J., concurs in judgment only.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under authority of Ohio Constitution, Article IV,
Section 6(C).

NELSON, J., concurring in judgment only.

{¶ 20} I concur in the judgment of this court that the trial court erred by dismissing Mr. Brenson's case prematurely without allowing him full opportunity to amend his complaint within the time established by Civil Rule 15(A). I write separately because I think that determination should conclude the matter, without any need to engage in "harmless error" analysis.

{¶ 21} Here, as in *Bunting v. Watts*, 5th Dist. No. 2017CA00161, 2017-Ohio-9121, "the trial court's ruling was premature and denied [appellant] the opportunity to amend his complaint if he so desired as a matter of course under Civ.R. 15(A). 'This right is absolute.' " *Id.* at ¶ 16, quoting *Martin v. Block Communications, Inc.*, 6th Dist. No. L-16-1213, 2017-Ohio-1474.

{¶ 22} *Busy Bee Nursery & Preschool, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 15AP-1036, 2018-Ohio-1158, as cited by Dr. Dean, *see* Appellee's Brief at 11, is not to the contrary. There, the trial court did not grant the relevant motion to dismiss until some 44 days after it had been filed, with no intervening amendment. *Busy Bee* at ¶ 5-6. That period was longer than the minimum of 28 days required by the text of the rule. *See also* Staff Notes to July 1, 2013 Amendments to Civil Rule 15 ("Rule 15(A) is amended to allow amendment without leave of court of a complaint, or other pleading requiring a responsive pleading, for a period of 28 days after the service of a responsive pleading or motion"; also commenting that "the 2013 changes to Civ.R. 15(A) are modeled on the 2009 amendments to Fed.R.Civ.P. 15(a) and made for the same reasons that prompted those amendments" [even more clearly specifying that the rule's "whichever is earlier" language applies to the filing of a responsive pleading or motion]).

{¶ 23} I therefore agree with the lead opinion that Mr. Brenson "should have had an opportunity in this case to amend his complaint * * * to * * * assert any additional facts relevant to an [immunity] exception." *See* Lead Opinion at ¶ 16. I would not want this court's decision to be understood to suggest that "merely invok[ing]" an immunity exception as a legal conclusion divorced from any alleged facts would be sufficient to satisfy notice pleading requirements, and I do not read *Maternal Grandmother, Admr. v. Hamilton Cty. Dept. of Job & Family Servs.*, ____ Ohio St.3d ____, 2021-Ohio-4096, to say that a complaint need not allege sufficient facts to support some theory of recovery. *See*

*Maternal Grandmother* at ¶ 14 (describing complaint's factual allegations that together "essentially allege[] that the caseworkers disregarded or were indifferent to a known or obvious risk of harm to G.B. that was unreasonable under the circumstances"); *id.* at ¶ 17 (no "*heightened* pleading standard" needed to allege exception to government employee's immunity) (emphasis added).

{¶ 24} I concur in sustaining appellant's second assignment of error, and in the judgment of the court.

_____