[Cite as *Weiler v. Osborn Eng. Co.*, 2023-Ohio-619.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

SHAWN WEILER,                          :

      Plaintiff-Appellant,          :

                                 No. 112023

      v.                             :

THE OSBORN ENGINEERING
COMPANY, ET AL.,                       :

      Defendant-Appellee.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-964282

---

### *Appearances:*

Shawn Weiler, *pro se.*

Reminger Co., L.P.A., James O'Connor, and Brianna M. Prislipsky, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Plaintiff-appellant, Shawn Weiler ("Weiler"), appeals pro se from the trial court's judgment granting the motion for judgment on

the pleadings filed by defendant-appellee, The Osborn Engineering Company ("Osborn"). Weiler raises the following assignments of error for review:

1. The Court of Common Pleas erred in granting the defendants-appellees' motion for judgment on the pleadings.

2. The Court of Common Pleas erred in denying plaintiff-Weiler's motion for reconsideration.

{¶ 2} After careful review of the record and relevant case law, we reverse the trial court's judgment and remand for further proceedings.

## I. Procedural and Factual History

{¶ 3} In 2017, Weiler was employed by Osborn, an engineering firm located in Cuyahoga County, Ohio. For reasons undisclosed, Weiler's employment with Osborn was terminated in 2018. Thereafter, Weiler applied for other jobs in the architecture and engineering industry. Weiler listed Osborn as his former employer and, evidently, was unsuccessful in securing employment for a period of time. In October 2018, however, Weiler accepted a new job with an unidentified company. Weiler worked for this new company until he "lost his position in April 2020." Weiler was subsequently hired by a second, unidentified company in October 2020. Again, for reasons undisclosed, Weiler lost his position with the company in December 2020.

{¶ 4} In 2021, Weiler began applying for new employment. In an application for employment with an unidentified company, Weiler used a pseudonym to refer to Osborn as his prior employer. Weiler obtained a phone interview with the unidentified company. During this interview, Weiler was asked to disclose the

identity of the fictitious companies listed in his resume. Weiler complied with the request and identified each of his former employers, including Osborn. Weiler was not hired by the unidentified company.

{¶ 5} Following his phone interview, Weiler "attempted to obtain new employment many times using resumes with [Osborn]'s name on it." His attempts, however, proved unsuccessful.

{¶ 6} On June 3, 2022, Weiler filed a civil complaint against Osborn, setting forth a claim for tortious interference with prospective business relations. Weiler alleged that Osborn has prevented him from obtaining suitable employment by damaging his reputation with prospective employers, resulting in mental pain and economic loss. The complaint sought money damages in excess of $25,000, costs, and injunctive relief preventing further damage to Weiler's prospective business prospects.

{¶ 7} Osborn filed a timely answer on July 5, 2022. Subsequently, Osborn filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). In the motion, Osborn argued "the claim asserted by Plaintiff, even under Ohio's minimal notice pleading requirements, fails to contain any plausible facts sufficient to sustain a cause of action." Specifically, Osborn asserted that Weiler's claim failed as a matter of law because "it is comprised of bare legal conclusions and is wholly unsupported by any factual allegations sufficient to raise a right to relief above a speculative level." Osborn summarized its position as follows:

In his complaint, Plaintiff concludes that he had certain prospective business relationships, but he does not identify any of them. Plaintiff also concluded that Osborn had knowledge of these prospective business relationships, but he makes no factual allegations identifying what Osborn allegedly knew. Finally, Plaintiff concludes that Osborn took intentional actions to interfere with his prospective business relationships, but he does not identify who Osborn allegedly contacted, or what Osborn did to interfere. * * * "[M]ere speculation, unsupported by operative facts, is not enough to state a claim."

{¶ 8} Weiler did not respond to Osborn's motion for judgment on the pleadings. Rather, Weiler filed an amended complaint on August 2, 2022. The amended complaint added Osborn's chief executive officer, appellee Gary Hribar ("Hribar"), as a party defendant. The amended complaint reiterated many of the allegations contained in the original complaint. For the first time, however, Weiler alleged that Hribar, "acting in his capacity as CEO of [Osborn], damaged [Weiler's] reputation with those who would have otherwise employed [Weiler]." In an apparent attempt to address several of the issues identified by Osborn in its motion for judgment on the pleadings, Weiler further alleged that following his interview with an unidentified company in 2021, the prospective employer had a phone conversation with Hribar. During this conversation, Hribar allegedly rendered an unfavorable opinion of Weiler that "damaged [Weiler]'s reputation before the company."

{¶ 9} On August 16, 2022, Osborn filed a motion to strike the amended complaint, arguing that it was impermissibly filed without leave of court or the defendants' written consent. Civ.R. 15(A). Osborn further asserted that leave of

court would be "futile" because the contents of the proposed amended complaint "contains nothing but bare legal conclusions and is wholly unsupported by factual allegations sufficient to raise a right to relief above a speculative level." Alternatively, however, Osborn sought 28 days to "file an answer or otherwise plead" if the court deemed it necessary to grant Weiler leave to amend his complaint.

{¶ 10} On August 30, 2022, Weiler filed a pro se motion, requesting the trial court to strike Osborn's motion to strike the amended complaint. Weiler argued that he was entitled to amend his complaint "once as a matter of course" after Osborn filed its answer on July 5, 2022. Weiler, therefore, asserted that Osborn's motion to strike the amended complaint, which was filed in lieu of an answer to the amended complaint, was a "sham" intended to cause unnecessary delays.

{¶ 11} On September 8, 2022, the trial court granted Osborn's motion for judgment on the pleadings, stating:

> The motion for judgment on the pleadings is granted. The court hereby dismisses the complaint with prejudice as it fails to contain any plausible facts sufficient to sustain a cause of action.

{¶ 12} On October 3, 2022, Weiler filed a motion for reconsideration, requesting the trial court to enter an order denying the motion for judgment on the pleadings as moot because the motion was filed before the complaint was amended. Weiler asserted that the pleadings were incomplete at the time the trial court's judgment was rendered. The motion was summarily denied on October 11, 2022.

{¶ 13} Weiler now appeals from the trial court's judgment.

## II. Law and Analysis

## A. Judgment on the Pleadings

{¶ 14} In the first assignment of error, Weiler argues the trial court erred in granting Osborn's motion for judgment on the pleadings. He contends the trial court's judgment failed to consider the contents of his amended complaint, which was filed after the motion for judgment on the pleadings was filed.

{¶ 15} "Motions for judgment on the pleadings are governed by Civ.R. 12(C). Civ.R. 12(C) provides that '[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.'" *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 37. "In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and the answer as well as any material attached as exhibits to those pleadings." *Id.*, citing *Schmitt v. Educational Serv. Ctr.*, 2012-Ohio-2208, 970 N.E.2d 1187, ¶ 10 (8th Dist.). ""'Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.'"" *Id.*, quoting *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18, quoting *State ex rel. Midwest Pride IV Inc. v. Pontious*, 75 Ohio St.3d 565, 664 N.E.2d 931 (1996).

{¶ 16} "Judgment on the pleadings is appropriate where, after considering the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, the court finds that the moving party is entitled to judgment as a matter of law." *Id.*, citing *Rayess* at ¶ 18.

"We review a trial court's granting of a motion for judgment on the pleadings de novo." *Id.*

{¶ 17} On appeal, Weiler asserts that "regardless of its contents," the trial court's dismissal of the original complaint constituted reversible error because the "amended complaint was filed within the requirements of Civ.R. 15(A)." In contrast, Osborn maintains that the trial court properly granted its motion for judgment on the pleadings because (1) Weiler failed to amend his complaint within the time prescribed by Civ.R. 15(A), and (2) the amended complaint did not cure the defects present in the original complaint. With respect to the requirements of Civ.R. 15(A), Osborn asserts as follows:

> [I]t is clear under Civ.R. 15(A) that [Weiler] had twenty-eight days — until July 1, 2022 — to amend his complaint as a matter of right. After that time period elapsed, the only proper means by which [Weiler] could have amended his complaint would have been with the consent from Osborn, which [Weiler] certainly did not have, or with leave from the trial court, which [Weiler] did not request. None of the other exceptions under Civ.R. 15(A) apply, as Osborn's answer did not assert a counterclaim and did not require a responsive pleading, nor did Osborn file a motion under Civ.R. 12(B), (E), or (F) against [Weiler]'s complaint. Thus, because [Weiler]'s amended complaint was untimely, the trial court was not required to consider his amended complaint.

{¶ 18} Civ.R. 15(A) governs amendments to pleadings and states, in relevant part:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written

consent or the court's leave. The court shall freely give leave when justice so requires.

{¶ 19} Pursuant to the plain language of the rule, "a plaintiff may amend a complaint as a matter of course within (1) 28 days of service of the complaint, or (2) the earlier of 28 days of service of (a) a responsive pleading or (b) a motion to dismiss, to strike, or for a more definite statement." *Hunter v. Shield*, 10th Dist. Franklin No. 18AP-244, 2019-Ohio-1422, ¶ 13, citing Civ.R. 15 Staff Notes (July 1, 2013) (explaining the 2013 changes to Civ.R. 15(A)); *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 39. Upon the expiration of the applicable 28-day period, a plaintiff must obtain either leave from the trial court or written consent from the opposing party before filing an amending complaint. *Id.* at ¶ 13; Civ.R. 15(A).

{¶ 20} "The language of Civ.R. 15(A) favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed." *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). However, there is no unconditional or absolute right to amend a complaint once the time specified in Civ.R. 15(A) has passed. *Franciscan Communities, Inc. v. Rice*, 8th Dist. Cuyahoga No. 109889, 2021-Ohio-1729, ¶ 31. A trial court may properly deny a motion for leave to amend a complaint if the amendment would be futile. *See, e.g., Wilmington* at 123 ("[W]here a plaintiff fails to make a prima facie showing of

support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading.").

**{¶ 21}** When leave is required to file an amended complaint, and a party files or serves the amended complaint without leave of court, the amended complaint is without legal effect. *IBEW, Local Union No. 8 v. Kingfish Elec., L.L.C.*, 2012-Ohio-2363, 971 N.E.2d 425, ¶ 18 (6th Dist.); *accord PNC Bank, N.A. v. J & J Slyman, L.L.C.,* 8th Dist. Cuyahoga No. 101777, 2015-Ohio-2951, ¶ 20 ("Generally, where leave is required to file a pleading, and a party files its pleading without the requisite leave, a trial court may treat it as a legal nullity.").

**{¶ 22}** In this case, Weiler filed his original complaint on June 3, 2022, and service was completed on June 15, 2022. Pursuant to the Ohio Rules of Civil Procedure, Weiler's original complaint constituted a pleading "to which a responsive pleading was required." *See Brenson v. Dean*, 10th Dist. Franklin No. 21AP-584, 2022-Ohio-2228, ¶ 11; *see also* Civ.R. 7(A) ("There shall be a complaint and an answer * * *."). Here, Osborn filed its answer on July 5, 2022. Thus, contrary to Osborn's interpretation of Civ.R. 15(A) on appeal, we find Weiler had 28 days from the responsive pleading to file an amended complaint "once as a matter of course." By our calculation, Weiler's amended complaint was required to be filed by August 2, 2022.

**{¶ 23}** Significantly, Weiler's amended complaint was filed on August 2, 2022 — the final day of the 28-day period prescribed by Civ.R. 15(A). Under these circumstances, we find the amended complaint was timely filed. Weiler, therefore,

had no obligation to obtain Osborn's consent or leave of court to amend his pleading. Rather, his right to amend the original complaint was "absolute." *See Bunting v. Watts*, 5th Dist. Stark No. 2017CA00161, 2017-Ohio-9121, ¶ 16, quoting *Martin v. Block Communications, Inc.*, 6th Dist. Lucas No. L-16-1213, 2017-Ohio-1474, ¶ 19 ("A party has an absolute right to amend his pleading during the applicable 28-day period by filing an amended pleading.").

{¶ 24} Based on the foregoing, we find the trial court erred as a matter of law by prematurely granting Osborn's motion for judgment on the pleadings. In this case, there is no indication that the trial court considered the amended complaint, which was timely filed *after* Osborn's Civ.R. 12(C) motion was filed. *See Fried v. Friends of Breakthrough Schools*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215, ¶ 12 ("It is well-settled that an amended pleading supersedes the original pleading."). The judgment entry summarily grants "the motion for judgment on the pleadings" and does not otherwise address the allegations levied against Hribar, who was not a party to the Civ.R. 12(C) motion. Thus, it is unclear whether the court afforded the amended complaint's legal effect.

{¶ 25} Nevertheless, even if this court were to find the court considered the contents of the amended complaint, we note that the arguments posed in the Civ.R. 12(C) motion, dated July 5, 2022, were limited to the allegations set forth in the original complaint. *See Vanek v. Geauga Soil & Water Conservation Dist.*, 9th Dist. Summit No. 29610, 2020-Ohio-3950, ¶ 8 ("Upon the filing of the amended complaint, [defendant]'s motion for judgment on the pleadings became moot

because the complaint from which she sought the alleged benefit of immunity was no longer active."); *see also Med. Mut. of Ohio v. FrontPath Health Coalition,* 6th Dist. Lucas No. L-21-1226, 2023-Ohio-243 ¶ 66. Furthermore, neither Osborn nor Hribar responded to the amended complaint. As such, the pleadings were not closed at the time the Civ.R. 12(C) judgment was entered. *See Bullard v. McDonald's*, 10th Dist. Franklin No. 20AP-374, 2021-Ohio-1505, ¶ 9 (pleadings were not closed because defendant had not filed an answer to the amended complaint), citing *JP Morgan Chase Bank, N.A. v. Belden Oak Furniture Outlet, Inc.*, 5th Dist. Stark No. 2010 CA 00049, 2010-Ohio-4444, ¶ 21 (pleadings were not closed because an answer had not been filed); *see also Brooks v. Caswell*, D.Or. No. 3:14-cv-01232, 2016 U.S. Dist. LEXIS 26832, *12 (Mar. 2, 2016) ("Here, though judgment on the pleadings under Rule 12(c) is not available since Defendants have not yet filed an answer to the Amended Complaint, and hence the pleadings are not yet closed."); *D'Ambly v. Exoo*, D.N.J. No. 20-12880, 2021 U.S. Dist. LEXIS 210314, 6-7 (Nov. 1, 2021) ("[B]ecause no defendant has answered the amended complaint, the pleadings are not closed."). On remand, the defendants are free to assert the defense of failure to state a claim in an answer to the amended complaint, or in a subsequent Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 26} The first assignment of error is sustained. Our resolution of this assigned error is not premised on the contents of the amended complaint or the sufficiency of the allegations raised therein. Rather, our judgment relies exclusively on the procedural directives of Civ.R. 15(A), which permitted Weiler to amend his

complaint as a matter of course and Civ.R. 12(C), which required the trial court to construe the entirety of the pleadings. The second assignment of error is rendered moot.

{¶ 27} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
MARY EILEEN KILBANE, J., CONCURS (WITH SEPARATE ATTACHED OPINION)

MARY EILEEN KILBANE, J., CONCURRING:

{¶ 28} I respectfully concur with the majority opinion. I wholeheartedly agree that Civ.R. 15(A) favors a liberal policy with respect to a plaintiff amending their complaint. *See Grimberg v. Blackbird Baking Co.*, 8th Dist. Cuyahoga No. 111592, 2023-Ohio-313 (Kilbane, J., dissenting).